# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TERA GERICKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:16-cv00344-DGK |
| v. | ) |
| | ) |
| TRUMAN MEDICAL CENTER, INC., | ) |
| | ) |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER

At the parties' request, the Court enters the following protective order.

This action asserts claims under Missouri common law. Given the nature of this action, the parties are likely to propound and may receive discovery requests, and solicit and receive testimony, seeking the disclosure of confidential and proprietary information about: (1) Defendant Truman Medical Center, Inc.'s current or former employees (personnel records, compensation and pay information); (2) Personnel and operational policies, proprietary documents, documents or information pertaining to customers and/or patients, costs or charges, or other financial documents; (3) Personnel documents (other than Plaintiff's) containing information protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and/or (4) documents containing medical information regarding the Plaintiff protected by HIPAA.

Disclosure of such information may violate the privacy of third parties or employees who have not authorized public disclosure of such information and/or may include disclosure of proprietary information. Accordingly, upon consideration of the parties' jointly submitted Stipulated Protective Order concerning the foregoing described categories of information and

documents, and it appearing to the Court that sufficient cause exists for the issuance of a Protective Order, it is ORDERED:

1. Any information (whether in the form of documents, interrogatory responses, deposition testimony, or other form) produced or exchanged by any of the parties to this action, or any of their attorneys, which a party believes in good faith is of a confidential nature, specifically including but not limited to: (1) Defendant Truman Medical Center Inc.'s current or former employees (personnel records, compensation and pay information); (2) Personnel and operational policies, proprietary documents, documents or information pertaining to customers and/or patients, costs or charges, or other financial documents; (3) Personnel documents (other than Plaintiff's) containing information protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and/or (4) documents containing medical information regarding the Plaintiff protected by HIPAA (hereinafter referred to collectively as "Confidential Information") shall be treated as confidential and shall not be disclosed excepted as provided in this Order; PROVIDED, however, that counsel for the party designating any information as confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order.

2. A party may designate documents as Confidential Information by marking each page of such material with the legend "Confidential" as appropriate, or the party may designate information as confidential and subject to this Protective Order by stating in response to a discovery request that the information contained in the written discovery response is confidential and subject to this Protective Order. The "Confidential" designation on documents will be placed where it does not deface, obscure, or cause the document to be difficult to read or understand. Wherever it appears that Confidential Information may be revealed in a deposition

taken after the date of this Order, a party may provisionally designate the material on the record at the time of its disclosure as "Confidential" and may move the Court to have the particular portion of the record covered by the Order and filed under seal; PROVIDED, however, that such a provisional designation will under no circumstances serve as a privilege or justification for limiting the topics and scope of the deposition, ending the deposition, delaying the deposition, or inhibiting counsel's questioning of the deponent. The parties will follow the Court's administrative procedures for electronically filing sealed documents in civil cases. Alternatively, with respect to Confidential Information in deposition testimony, any party may designate portions of the testimony as "Confidential" by notifying all counsel in writing of the page(s) and line(s) of such testimony within thirty (30) days of receipt of a copy of a transcript, or such other time period as mutually agreed upon by the parties.

3. Confidential Information produced by or obtained from any other party in the course of this action, through discovery or otherwise, shall be used by the party to whom such information is produced solely for the purpose of this litigation and for no other purpose, and it shall not otherwise be disclosed to anyone or used otherwise except as expressly provided in paragraphs 4 and 5 below. Confidential Information may be used, consistently with the terms of this Order and subject only to the limitations stated in this Order, in pretrial discovery and at the trial or preparation for trial and any appeals of this action.

4. Neither the Confidential Information nor its contents shall be disclosed to any person without the agreement of the party designating the information as confidential, PROVIDED that counsel may, without further agreement or Court order, disclose Confidential Information or its contents to the following persons for use solely in connection with this action:

a. The named parties to this action, all of whom have agreed to be bound and are bound by the terms of this Order, including the corporate representatives of Truman Medical Center, Inc. (including any of its respective former and/or current officers, directors, employees, or agents);

b. Attorneys and legal assistants of counsel's firm and to any other employees of counsel's firm who shall handle the Confidential Information under normal office procedures;

c. Experts or consultants retained by the parties in this action;

d. Any person who is an officer, director or employee of any reproduction or litigation document handling service whom counsel specifically authorizes to work on this case;

e. Any person from whom testimony is being taken, has been taken or is reasonably expected to be taken in this action (whether in deposition or at trial), at a reasonable time before such testimony or during such testimony;

f. The Court and its personnel before which this action is pending and any members of a jury;

g. Any court reporters and/or videographers present in their official capacity at any hearing, deposition or other proceeding in this action;

h. Persons specially retained by a party or counsel in this litigation to assist in the preparation of this litigation for trial who are not regular employees of a party to this litigation, and only if such persons are believed to need such Confidential Information; and

i. Any mediator or third-party neutral appointed by the Court or agreed to by the parties.

5. Each person referred to in subparagraphs 4c and 4h who has been shown or given access to Confidential Information, or information derived therefrom, shall sign an acknowledgement stating that he or she has read a copy of this Order and agrees to be bound by its provisions, which acknowledgment shall be retained by counsel for the receiving party who provides such material or information to such person. A copy of the acknowledgment will be delivered to the opposing counsel, upon request, after the parties have designated experts.

6. Subject to paragraph 10 of this Protective Order, all materials designated as Confidential Information that are filed with the Court, and any pleading, motion or other papers filed with the Court containing or disclosing such Confidential Information, shall be filed and kept under seal until further order of the Court; provided, however, that such information shall be available to the Court and other persons to whom Confidential Information may be disclosed in accordance with paragraph 4 of this Protective Order.

7. If a party inadvertently produces any Confidential Information without designating it as such in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the information produced is deemed Confidential Information and should be treated as such in accordance with the provisions of this Order. The receiving party must treat such information as Confidential Information from the date such notice is received. Disclosure, prior to the receipt of such notice, of such Confidential Information to persons not authorized to receive such Confidential Information shall not be deemed a violation of this Order; provided, however, that the party making such disclosure shall make all reasonable efforts to notify any party to whom such disclosure was made that such

5

information is Confidential pursuant to this Order. The parties shall attempt in good faith to retrieve any inadvertently produced Confidential Information from anyone not listed in paragraph 4 of this Protective Order.

8. The parties acknowledge the applicability of Rule 502 of the Federal Rules of Evidence to this action. FED. R. EVID. 502. The parties further agree that documents containing privileged information, work product, and/or trial-preparation material shall be immediately returned if the documents appear on their face to have been inadvertently produced. Other produced materials which the producing party claims are privileged or protected as work product and/or trial-preparation materials shall be returned by the opposing party immediately upon the producing party's written request. If there is a disagreement regarding the privilege or protection, the produced materials which the producing party claims are privileged or protected as work product and/or trial-preparation materials shall be segregated and maintained confidentially by the receiving party until the Court rules on the producing party's claim regarding the privilege or protection. To the extent that information contained in a document subject to a claim of privilege or protection has already been used or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

9. Except for this action, the parties agree that if a party is required by law or order of governmental or judicial body to release Confidential Information produced by another party or third party as to which it obtained access pursuant to the provisions of this Protective Order, the party so required shall notify the producing party or third party in writing within three (3) working days or receipt of actual notice or within three (3) working days of the determination

that the Confidential Information is to be released or within three (3) working days prior to such release, whichever is soonest, to permit the producing party or third party to contest the release.

10. This Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information.

11. Except as otherwise stated herein, this Order will in no way prevent the usage of Confidential Information at trial including, but not limited to, the use of such documents in the examination of a witness, displaying or publishing to the jury, and enlarging as demonstrative evidence.

12. Producing or receiving materials or otherwise complying with the terms of this Order shall not (a) operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information or a trade secret under applicable law; or (b) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or (c) prejudice in any way the rights of a party to seek a Court determination regarding whether particular discovery materials should be produced; or (d) prejudice in any way the rights of a party to apply to the Court, in good faith, for additional protection with respect to the confidentiality of information.

13. The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom. After final resolution of this action and within thirty (30) days following a written request by the designating party, all Confidential Information and reproductions thereof shall be: either (a) returned to counsel for the party who provided the information; or (b) destroyed, and counsel

for the party receiving the information shall sign a certification attesting to such destruction. PROVIDED, this return or destruction rule shall not apply to Court personnel.

14. Any party may at any time and for any reason seek modification of this Protective Order. In the event either party disputes the appropriateness of the other's designation of documents or information as confidential pursuant to this Order, then the party shall first attempt to resolve the issue with opposing counsel and then, if unsuccessful, may apply to the Court for an order declaring specific documents or information to be removed from the Protective Order and no longer treated as confidential. The party designating the information as confidential shall bear the burden of proof on the issue.

15. This Protective Order can be modified only by written agreement approved by the Court or by Order of the Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

**IT IS SO ORDERED.**

Date:   October 18, 2016                                /s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, CHIEF JUDGE
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT